NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30147 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00100-RSL-1 |
| v. | |
| BINGHAM FOX, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted February 6, 2019**
Seattle, Washington

Before: IKUTA and CHRISTEN, Circuit Judges, and CHOE-GROVES,*** Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jennifer Choe-Groves, Judge for the United States Court of International Trade, sitting by designation.

Bingham Fox appeals his conviction by jury verdict of violating the Clean Water Act (CWA).[1]  *See* 33 U.S.C. §§ 1319(c)(2)(A) and 1321(b)(3); 40 C.F.R. § 110.3.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We affirm Fox's conviction.

1.  Insufficient Evidence.    Fox argues that the Government's evidence was insufficient to establish that Fox knew, during the time periods alleged in the indictment, that the *Native Sun* crew members discharged oil in quantities that may have been harmful.  The district court denied Fox's motion for a judgment of acquittal, and we review that decision de novo.  *See United States v. Ambriz-Ambriz*, 586 F.3d 719, 723–24 (9th Cir. 2009).  We affirm the district court's denial of Fox's motion.[2]

"[V]iewing the evidence in the light most favorable to the prosecution," a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  The jury heard testimony that after Fox purchased the vessel and had it sailed to its new harbor in

---

[1]    As the parties are familiar with the facts, we do not recount them here.

[2]    Fox raised similar arguments in his motion for a new trial.  The district court's denial of that motion is reviewed for abuse of discretion.  *See United States v. Citro*, 842 F.2d 1149, 1151 (9th Cir. 1988).  We affirm the district court's denial of Fox's motion for a new trial for the same reasons we affirm the district court's denial of Fox's motion for a judgment of acquittal.

Blaine, Fox was "fully aware" of the leakage problems with the *Native Sun*. Fox's employee testified that the bilge levels were so high on the trip to Blaine that the *Native Sun* had to pump the bilge "straight into the ocean." The employee also testified about one oil discharge incident where Fox was present and provided dish soap to squirt on the sheen to "make[] the oil immediately drop to the bottom," instead of reporting the discharge.

Fox knew that the vessel needed to keep replenishing its oil to replace the amount being leaked. For example, on the *Native Sun*'s trip to Alaska, the testimony established that more than two gallons of oil leaked to the engine room bilge every 24 hours, and the crew had to pump the oily bilge water at least once every five days to keep the vessel afloat. Various crew members testified that Fox provided them with oil-absorbent pads to try to mop up the oil in the engine room and bilge, and he also purchased enzymes to try to treat the oily bilge water. The evidence would allow a fact-finder to determine that Fox directed the *Native Sun* crew to pump the bilge with the knowledge that the pumping system relied on "skimming" the top layer of oily bilge water and mopping up the oil with oil-absorbent pads. A rational jury could conclude that Fox, knowing that there was excessive oil in the bilge and that regular pumping of the bilge was occurring

without an oil-water-separator, knowingly directed his crew to discharge oily bilge water.

2. Error in Jury Instructions.   Fox contends that the district court erred by failing to instruct the jury that it had to find beyond a reasonable doubt that Fox knew the oil discharges were in quantities that may be harmful.  Fox raises this objection for the first time on appeal, and we review for plain error.  *See Black v. United States*, 561 U.S. 465, 473–74 (2010).  We find none.  The jury was instructed on the prosecutor's burden generally, and even if the district court erred by failing to instruct the jury that it had to find Fox knew the oil discharges were in quantities that may be harmful, Fox fails to show that any error in the instructions affected his substantial rights or the outcome of the case.  Fox was still able to present his defense, which was that he did not actually know the crew members were discharging oily wastes overboard.

3. Cumulative Trial Errors.   Fox argues that several trial errors cumulatively denied him a fair trial.  First, Fox argues that the district court erroneously required an incarcerated defense witness to testify in prison garb.  The district court did not abuse its discretion because a court has broad leeway regarding safety issues and how to run the courtroom.  Moreover, Fox did not

demonstrate prejudice, as the witness's testimony revealed that he was in prison and the judge gave an instruction to the jury to disregard the attire of the witness.

Second, Fox alleges that the prosecutor's closing argument improperly vouched for disputed and material facts not in the record. Fox introduced into evidence two receipts showing that he properly disposed of oily water on shore, and he also indicated to the jury that he had more receipts. The prosecutor addressed this in his closing argument and stated: "Ladies and gentlemen, the government does not have these receipts. . . . You're not seeing those receipts for this disposal because those receipts don't exist. And the reason those receipts don't exist, ladies and gentlemen, is because this disposal was not happening." A prosecutor improperly vouches for the government's case when he intimates that he has additional knowledge or information that has not been shared with the jury. *See United States v. Preston*, 873 F.3d 829, 843 (9th Cir. 2017). The assertion that the Government "did not have the receipts" that Fox claimed to have was improper vouching because that fact was not in evidence. However, Fox failed to show the prosecutor's error was prejudicial. The district court instructed the jury generally that counsel's closing arguments were not evidence—both formally at the beginning and end of trial, and also repeatedly throughout the proceedings.

5

Third, Fox alleges that the prosecutor's remarks criticizing the defense theories constituted misconduct. Fox points to the prosecutor's statements in closing argument that the defense theories were "nonsense" and that the defense's opening statement "attempt[ed] to manipulate you, to play on our emotions, and to distract you from what this case is actually about." The prosecutor's statements do not rise to the level of misconduct. "Criticism of defense theories and tactics is a proper subject of closing argument." *United States v. Barragan*, 871 F.3d 689, 703 (9th Cir. 2017) (quoting *United States v. Sayetsitty*, 107 F.3d 1405, 1409 (9th Cir. 1997)).

**AFFIRMED.**